IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ARMANDO MADRID, § | |
| Institutional ID No. 1425800, § | |
| SID ID No. 01581442, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-00019-BU |
| § | |
| CHERRY K. GRAF, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff ARMANDO MADRID, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on January 21, 2021. Dkt. No. 1. The Court granted Madrid leave to proceed in forma pauperis, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 18. This case was transferred to the docket of the undersigned for purposes of preliminary screening, including efforts to assist Madrid in developing his claims. Dkt. No. 22.

Madrid, however, refuses to follow the Court's orders or answer the Court's questions about his allegations. *See* Dkt. No. 51. Based on the record now before the Court, and for the reasons stated below, the undersigned recommends that Madrid's complaint should be dismissed *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

1

## I. DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Here, Madrid has repeatedly failed to follow the Court's orders. Prior to transfer to the undersigned, the District Judge ordered Madrid to respond first to a Notice of Deficiency (Dkt. No. 6), and then when Madrid failed to do so, to a Show Cause order. *See* Dkt. Nos. 13. The Show Cause order told Madrid that failure to comply with the Court's orders could result in dismissal for want of prosecution. *See* Dkt. No. 13.

Madrid continues to file motions even after explicit instructions not to do so. Since filing his original complaint, Madrid filed many attempts to amend with new claims and

new defendants without seeking leave of the Court. Dkt. Nos. 4, 16, 20, 21, 26, 28, 33, 34, 37, 38, 44, 45, 47, 49, 50. These filings are in contravention of the District Judge's orders, including both a Notice of Deficiency (Dkt. No. 6) and an order providing "one final opportunity to submit a complete amended complaint on the required form." *See* Dkt. No. 19 at 2. Madrid also filed motions requesting appointment of counsel, even after Court instructions not to do so. Dkt. Nos. 5, 8, 11, 29, 41.

Conversely, Madrid shows his selective ability to follow the Court's directions regarding notice for a change of address. After orders telling Madrid to promptly notify the Court of a change of address (Dkt. Nos. 6, 18), Madrid filed five notices of address change, including one notice that informed the Court of a prior notice. See Dkt. Nos. 7, 10, 12, 15, 27.

The Court, on Madrid's motion, ordered a *Spears* hearing to allow Madrid an opportunity to develop the factual basis for his claims. Dkt. No. 26. Madrid then asked to postpone the hearing, first in a motion stating that postponement was necessary due to an upcoming surgery[1] and recovery time. *See* Dkt. No. 40. Then, in a second motion filed the same day, Madrid added as a basis for postponement his need for time to consult with an attorney and a fourth request that the Court appoint him an attorney. *See* Dkt. Nos. 41, 14. The Court denied the motion for counsel but reset the hearing for a later date to accommodate Madrid's surgery schedule. Dkt. No. 42, 43.

---

[1] The surgery would appear to resolve much of Madrid's substantive complaints that he was denied the surgery as proper medical treatment for back pain. *See* Dkt. No. 1, 40, 51.

Now, Madrid has notified the Court that he is both unable and unwilling to attend the reset *Spears* hearing. *See* Dkt. No. 51. Madrid first states that his upcoming surgery will prevent his attendance, but then informs the Court of his refusal to participate in the hearing. *Id.* Madrid argues that he will not attend a hearing that does not provide video conferencing, that the "court cannot make me or force me to answer any questions regarding my allegations about my complaint," [grammar and spelling errors removed] and that he will not answer any questions without his attorney. *Id.* at 1-2. Although Madrid appears to not have command of the English language, he has nonetheless made clear his refusal to participate in the Court's preliminary screening process. Moreover, he expresses in sufficiently clear terms his belief that the Spears hearing—conducted as it is without counsel and the right for Madrid to call witnesses—violates Madrid's rights.[2]

Dismissal without prejudice under Rule 41(b) is appropriate here. This Court has warned Madrid no less than three times that his failure to follow Court orders could result in dismissal. Madrid repeatedly refuses to follow Court orders and cooperate in the preliminary screening of his claims. This case cannot proceed without Madrid's compliance. The Court is not required to delay the disposition of this case until such time as Madrid decides to comply with all the Court's previous orders.

## II. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge DISMISS *sua sponte* Madrid's Complaint and all claims therein without prejudice under

---

[2] In one notice to the Court, Madrid warned that "if the court keeps treaht [sic] of me, I'am [sic] put of this lawsuit." *See* Dkt. No. 49.

4

Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court. Should the District Judge not accept this recommendation and transfer this case back to the undersigned for continued preliminary screening, the undersigned further recommends that the District Judge admonish Madrid that continued refusal to comply with this Court's orders and the preliminary screening process will be deemed "contumaciousness," or more plainly, stubbornly disobedient behavior, and that such behavior can lead to dismissal of Madrid's case with prejudice, which could constitute a "strike" within the meaning of 28 U.S.C. § 1915(g). *See Long*, 77 F.3d at 880.

It is, therefore, ORDERED that this case be transferred back to the docket of United States District Judge James Wesley Hendrix.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dismissal of these claims does not release Madrid from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

ORDERED this 8th day of November, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE