UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ARMANDO MADRID,
Institutional ID No. 1425800,
SID No. 01581442

        Plaintiff,

v.

CHERRY K. GRAF, *et al.*,

        Defendants.

No. 1:21-CV-00019-H

**ORDER ADOPTING, IN PART, FINDINGS, CONCLUSIONS,
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation that the Court sua sponte dismiss without prejudice Plaintiff's complaint for failure to prosecute and for failure to obey an order of the Court. (*See* Dkt. No. 52.) Alternatively, the Magistrate Judge recommends that if the Court does not accept that recommendation it should transfer the case back to the Magistrate Judge for further screening. But in that event, the Magistrate Judge asks that the Court admonish Plaintiff that his continued refusal to comply with this Court's orders and the preliminary screening process will be deemed "contumacious," and that such behavior can lead to dismissal of his case with prejudice, which could constitute a "strike" within the meaning of 28 U.S.C. § 1915(g). (*Id.* at 5.) Plaintiff filed objections. (Dkt. No. 54.)

For the reasons explained below, the Court declines to adopt the recommendation to sua sponte dismiss Plaintiff's complaint at this time. But the Court will adopt the alternate recommendation and warn Plaintiff that his failure to cooperate with the Court will result in dismissal of his case with prejudice.

In making the recommendation, the Magistrate Judge detailed several instances where the Court warned Plaintiff that failure to comply with its orders could result in dismissal for want of prosecution. The Magistrate Judge also detailed multiple instances where Plaintiff failed to comply with the Court's orders. And the Magistrate Judge specifically noted that Plaintiff refused to attend the *Spears* hearing that was scheduled—at Plaintiff's request—and otherwise failed to cooperate with or otherwise delayed the Court's efforts to conduct preliminary screening of his case. In the alternative, the Magistrate Judge recommended that Plaintiff be warned that his continued refusal to comply with the preliminary screening process will be deemed "contumacious," or more plainly, stubbornly disobedient behavior, and that such behavior can lead to dismissal of Plaintiff's case with prejudice, which could constitute a "strike" within the meaning of 28 U.S.C. § 1915(g). *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

In his objections, Plaintiff asks the Court not to dismiss his case for failure to obey orders or failure to prosecute. (*See* Dkt. No. 54.) Plaintiff asks forgiveness for his previous failure to comply with the Court's orders, and he suggests that what seems to be a lack of cooperation and refusal to comply with prior orders is the result of his lack of education and inability to express himself accurately. Consequently, he mentions his efforts to obtain an attorney to help him, and he again seeks appointment of counsel. He also emphasizes his inability to properly respond to the Court because of his medical condition—asserting that his back injury prevents him from sitting for even five minutes. He repeats some of the allegations in his complaint and seems to add more. He notes that he is suffering and in pain and has been refused medical attention. But Plaintiff also indicates that if his complaint is dismissed, he will refile once he has received the treatment he seeks.

The District Court independently examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings and conclusions of the United States Magistrate Judge and accepts in part the recommendation. The Court declines to dismiss Plaintiff's case for failure to prosecute at this time, but the Court will permit Plaintiff to proceed only if he fully complies with the requirements set forth below.

The Court takes judicial notice of the Texas Department of Criminal Justice online inmate locator indicating that Plaintiff is currently confined at the West Texas Hospital Unit.[1] As it is possible this hospitalization is related to the very surgery and treatment Plaintiff seeks by this lawsuit, the Court finds that Plaintiff must, within 20 days of the date of this order, file a short advisory—consisting of no more than one page—with the Court indicating whether he desires to continue pursuing his claims under the screening procedures of this Court, or wishes to voluntarily dismiss his action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). **In advising the Court of his intention to proceed or withdraw his lawsuit, Plaintiff must not provide any further facts or allegations relating to the issues in his complaint, nor cite any law or make any legal argument.**

If Plaintiff chooses to pursue his case, it will be transferred back to the docket of the Honorable John R. Parker to continue the judicial screening process under 28 U.S.C. §§ 1915(e)(2) and 1915A. Moreover, Plaintiff is admonished that continued refusal to comply with this Court's orders and the preliminary screening process will be deemed "contumacious," or more plainly, stubbornly disobedient behavior, and that such behavior

---

[1] *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=01581442 (last visited March 10, 2022).

can lead to dismissal of his case with prejudice, which could constitute a "strike" within the meaning of 28 U.S.C. § 1915(g). *See Long*, 77 F.3d at 880.

Any relief not expressly granted is denied.

So ordered.

Dated March 18, 2022.

_____
JAMES WESLEY HENDRIX
United States District Judge