IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ARMANDO MADRID, § | |
| Institutional ID No. 1425800, § | |
| SID ID No. 01581442, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-00019-BU |
| § | |
| CHERRY K. GRAF, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff ARMANDO MADRID, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on January 21, 2021. Dkt. No. 1. The Court granted Madrid leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 18. And because Madrid, an inmate, brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. This case was transferred to the docket of the undersigned for purposes of preliminary screening, including efforts to assist Madrid in developing his claims. Dkt. No. 22.

Based on the record now before the Court, and for the reasons stated below, the undersigned RECOMMENDS that Madrid's Complaint be DISMISSED *sua sponte* with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and repeated failure to obey an order of this Court.

1

I.  BACKGROUND

The undersigned previously filed a Findings, Conclusions, and Recommendation (FCR) on November 8, 2021, that Madrid's claims be dismissed without prejudice for failure to prosecute and failure to obey an Order of this Court. Dkt. No. 52. The undersigned outlined Madrid's refusal to comply with the Court's instructions on amending and supplements his claims and his refusal to attend a *Spears* hearing necessary to developing his claims. *Id.* at 2–4. Madrid refused to participate in a *Spears* hearing because it would take place through teleconference, he would not be represented by an attorney, and he would not be allowed to present witnesses. Dkt. No. 51 at 1–2.

The United States District Judge accepted and adopted the undersigned's FCR on March 18, 2022, but declined to dismiss Madrid's claims to allow Madrid another opportunity to comply with the Court's Orders. *See* Dkt. No. 57 at 3. The undersigned then issued a Second Order for a *Spears* Hearing to be held on September 13, 2022. Dkt. No. 66. Madrid responded to the Order on August 31, 2022, by stating that he could not participate in "any evidentiary hearing" because he is unable to "move or walk" by himself and is "waiting for . . . another colon cancer surgery." Dkt. No. 67 at 2.

On September 1, 2022, the undersigned entered an Order Staying Proceedings and Administratively Closing Madrid's case "pending notification from Madrid that he is able to proceed with the prosecution of this case, including his participation in a *Spears* hearing." Dkt. No. 68. The undersigned instructed Madrid that "If [he] has not provided notice of his ability to proceed within six (6) months of this Order, the Court will *sua sponte* reassess the appropriateness of the stay and closure at that time." *Id.* at 5. Madrid filed a

2

Response to the Stay, informing the Court of his "refusal to participate in the hearing" and that he would not "answer any questions without [his] provided attorneys." Dkt. No. 71 at 1. Although Madrid states that he refuses to participate in a telephonic *Spears* hearing, he requests that the Court issue a "bench warrant" to have an in-person hearing and restates his demand to have counsel appointed. *Id.* at 4. As of the date of this FCR, Madrid has not filed a Notice of his ability to proceed with the prosecution of his claims.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–36 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order."). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Despite the United States District Judge providing Madrid another opportunity to comply with the Court's Orders, Madrid still refuses to participate in a *Spears* hearing.

Upon receipt of the undersigned's Second Order Resetting Evidentiary Hearing, Madrid informed the Court that his medical conditions prevent him from participating in a *Spears* hearing. *See* Dkt. No. 67. The undersigned attempted to accommodate Madrid and his medical conditions by staying his case until Madrid was available to participate in the *Spears* hearing. Dkt. No. 68.

Madrid then responded to the stay by informing the Court of his continued refusal to participate in the *Spears* hearing unless his conditions are met. *See* Dkt. No. 71. Although Madrid informed the Court that his medical conditions render him unable to participate in a telephonic *Spears* hearing, Madrid insists on attending an in-person *Spears* hearing. *See* Dkt. No. 67 at 1–2; Dkt. No. 71 at 1. Specifically, Madrid maintains that he will not participate in a *Spears* hearing unless the hearing occurs in person, where he is allowed to present witnesses and is represented by an attorney. *See* Dkt. No. 71 at 1–4.

*Spears* hearings serve a two-fold purpose. *See Wilson v. Barrientos*, 926 F.2d 480 (5th Cir. 1991). First, they provide indigent litigants, including prisoners, with "'meaningful access to the federal courts[.]'" *Id.* at 482 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Second, they enable a judge "to question the prisoner regarding the nature of his or her complaint, in a controlled hearing[,]" thus providing a basis "to 'winnow out the wheat form the unusual amount of chaff necessarily presented in a system which fosters pro se litigation.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Neither of these purposes necessarily require that a *Spears* hearing be conducted in person.

Indeed, there is a strong argument that routine hearings in civil litigation should presumptively be conducted remotely. Remote hearings are particularly appropriate where the hearing is by definition preliminary, as here, and involve pro se prisoners for which an in-person hearing would require increased costs and security risks inherent in moving the incarcerated litigant.[1] Rule 1 of the Federal Rules of Civil Procedure states that the civil rules "should be construed, administered, and employed . . . to secure the *just, speedy, and inexpensive* determination of every action *and proceeding*. FED. R. CIV. P. 1 (emphasis added). And Rule 78 not only empowers a court to adjudicate motions with or without hearings, but also implies the corollary power to decide what type of hearing is most appropriate. *See Franz Chem. Corp. v. Philadelphia Quartz Co.*, 594 F.2d 146, 151 (5th Cir. 1979). And while a *Spears* hearing is not technically a motion hearing, the judicial screening of pro se prisoner claims is effectively the consideration of a "motion" to have a lawsuit served. Lastly, the Local Civil Rules of this Court provide that "[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure," and "a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious."[2] LOCAL CIVIL RULES 83.14, 83.1. A presiding judge here has repeatedly endeavored to acquire Madrid's compliance, but without success.

Madrid has not availed himself the opportunity to avoid the dismissal of his claims, even after he was warned that he could "proceed only if he fully complie[d]" with the

---

[1] Here, Madrid is currently housed at TDCJ's Allred Unit in Iowa Park, Texas, which is over 300 miles roundtrip from the United States Courthouse in Abilene. Such a trip would entail Madrid being accompanied by several Correctional Officers for the approximately 5-hour drive simply to attend a hearing of one hour or less.

[2] Local Civil Rule 1 provides that "[t[he The term 'presiding judge' means the judge to whom a case is assigned[,]" including a magistrate judge.

Orders of this Court. *See* Dkt. No. 57 at 3. Madrid's contumaciousness has long been reflected in the record of this action, and he has not been deterred by the Court's previous lesser sanctions.[3] This Court is neither required to conduct the *Spears* hearing on terms Madrid deems acceptable, nor further delay the screening process until he decides to comply with the Court orders. Accordingly, dismissing Madrid's Complaint with prejudice is appropriate. *See Long*, 77 F.3d at 880.

## III.   CONCLUSION

For the reasons explained in these Findings, Conclusions, and Recommendation, the undersigned RECOMMENDS that Madrid's Complaint be DISMISSED with prejudice.

## IV.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

---

[3] *See* Dkt. No. 52 at 2–4 (explaining Madrid's previous failures to comply with this Court's Orders and instructions).

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## V.  TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge James Wesley Hendrix and be designated as Civil Action No. 1:21-cv-00019-H.

ORDERED this 7th day of March, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE